IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD W. MCGUGAN, ) | |
|     Plaintiff, ) | Civil Action No. 7:20-cv-00303 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HAROLD W. CLARKE, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## ORDER

Plaintiff Ronald W. McGugan, a former inmate proceeding pro se, was previously incarcerated at Pocahontas State Correctional Center ("Pocahontas") in Tazewell County, Virginia. He filed this civil action under 42 U.S.C. § 1983 against numerous correctional officials and staff members at Pocahontas, including John and Jane Doe officers and nurses. The case arises from actions allegedly taken after McGugan experienced "multiple seizures" on July 2, 2019. Compl., ECF No. 1, at 9. McGugan claims that he was physically assaulted and denied adequate medical treatment in violation of the Eighth Amendment.

On September 27, 2021, United States District Judge Thomas T. Cullen entered an order directing the defendants to "provide to McGugan without the necessity of any discovery requests" the following items: "all available video recordings of the seizure event(s) which McGugan experienced on July 2, 2019," and "the names of all medical personnel who were present at, witnessed, or rendered assistance or medical care during the seizure event(s) which occurred on July 2, 2019." Order, ECF No. 77, at 1. On December 6, 2021, fourteen defendants represented by the Office of the Attorney General (the "state defendants") filed a response to the order, which indicated that counsel had previously provided a list of every

security officer included on the duty roster for July 2, 2019, as well as each officer's position and shift (day or evening). ECF No. 98 at 1. The response also indicated that defense counsel had "obtained two video recordings from July 2, 2019, both of which depict an individual in a wheelchair being escorted from one building to another at Pocahontas Correctional Center," and that "[t]hese recordings were made available to Plaintiff through his probation officer." Id. at 4. With respect to the names of medical personnel, the response indicated that defense counsel had "provided the Plaintiff with a roster listing the names of nurses who were assigned to work on July 2, 2019, as well as an internal incident report listing the names of two nurses who had contact with the Plaintiff on that date." Id.[1] A separate response filed by Nurse Sue Yates provided the name of the nurse who evaluated McGugan and rendered medical care to him following the alleged seizures, as well as a list of other registered and licensed practical nurses who were scheduled to work on July 2, 2019. ECF No. 105 at 2.

The case was transferred to the undersigned on January 10, 2022. ECF No. 114. Prior to the transfer, McGugan filed a motion for reconsideration of Judge Cullen's decision on a motion to dismiss filed by Nurse Yates and other medical defendants, as well as motions to compel and motions for extension of time to identify the John and Jane Doe defendants. The court issued an order addressing those motions on May 9, 2022. ECF No. 122. With respect to the motions to compel, the court concluded that the defendants had complied with Judge Cullen's previous order directing them to provide available video recordings and names of

---

[1] The state defendants attached a copy of the incident report to their response. The incident report indicates that Nurse Whitney Alford "was called to A building due to reports of [McGugan] having suspected seizure activity in the shower" and that McGugan was also assessed by Nurse Scotty Looney. ECF No. 98-2; see also ECF No. 105 at 2 (listing the nurses who were scheduled to work on July 2, 2019, including Whitney Alford, LPN, and Scotty Looney, LPN).

2

medical personnel. Thus, to the extent McGugan sought to compel the defendants to comply with Judge Cullen's order, the court denied McGugan's motions as moot.

McGugan has since filed additional motions to compel, as well as a motion to transfer the case to the Eastern District of Virginia. ECF Nos. 123, 124, 125, 126, 127, 128, 129, 130, and 131. Those motions remain pending and are presently before the court. The court's rulings on the motions are set forth below.

### I. Motions to Compel

McGugan's motions to compel are largely, if not completely, duplicative of one another. In the motions, McGugan first asserts that he was not able to properly review the videos provided to his probation officer because the officer's "computer wouldn't play them and kept messing up." ECF No. 125 at 3; see also ECF No. 123 at 1 (alleging that the probation officer did not know how to properly play the videos on her computer). He also asserts that the list of employees provided by the state defendants "does not give [him] any way to know which [officers] took part in the abuses." ECF No. 125 at 3. He requests an order directing the defendants to identify the correctional officers and/or other employees who can be seen in the videos escorting him in a wheelchair following the alleged seizures. Id.; see also id. at 5 ("I ask that your honor order them to produce the name, position, and place of everyone in the videos."); ECF No. 126 at 3 ("It's only fair your honor that they answer who each person was in each position around my wheelchair and such."); ECF No. 130 ("I need answers for such [questions] as who was on right side of wheelchair on 7/2/19 when I was escorted from shower in A-1 to medical unit and who was on left side, and who was pushing it."); ECF No. 127 (listing the same questions). McGugan argues that he needs the information in order to

3

identify the John Doe defendants named in his complaint, who are alleged to have physically assaulted him while he was being escorted in the wheelchair. See Compl. at 15–16 (claiming that he was physically assaulted by the John Doe officer "on the right side of the wheelchair," the John Doe officer "on the left side of the wheelchair," and the John Doe officer "behind the wheelchair").

McGugan also questions whether the defendants have produced all of the available video footage. He emphasizes that the two videos provided to his probation officer do not depict the areas of "pod A-1, nor the vestibule, where most of the abuses" allegedly occurred. ECF No. 123 at 2. He also emphasizes that "there are cameras in the hallway outside [the examination] room where [officers] severely abused [him]." ECF No. 124 at 2. He requests that defendant H.E. Johnson, the investigator at Pocahontas responsible for saving video footage, advise as to whether additional footage exists that has not been produced.[2] ECF No. 131 at 2.

Finally, McGugan asserts that he never received a copy of the incident report listing the names of the two nurses who had contact with him following the alleged seizures. ECF No. 126 at 4. McGugan asserts that the nurses "abused [him] in building A-1 and told officers" to do so. Id. He maintains that he needs the incident report in order to identify the Jane Doe nurses listed in his complaint.

---

[2] On July 26, 2019, McGugan filed an informal complaint alleging that he had been abused after suffering multiple seizures on July 2, 2019, and requesting that prison officials "view all videos and see what officers and [a] nurse did to [him]." ECF No. 1-1 at 44. In response, H.E. Johnson noted that he would "save all footage available pertaining to the incident and notify SIU of these allegations." Id.

4

Upon consideration of McGugan's filings, and in light of his pro se status, the court finds it appropriate to require the state defendants to respond to the foregoing requests. See Gordon v. Leeke, 574 F.2d 1147, 1152 –53 (4th Cir. 1978) (explaining that when a pro se litigant "has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court"). Accordingly, the motions to compel, ECF Nos. 123, 124, 125, 126, 127, 128, 130, and 131, are **GRANTED** to the following extent: (1) the state defendants are **DIRECTED** to advise within fourteen (14) days as to whether they are able to identify the correctional officers and/or other employees who can be seen in the videos depicting McGugan being escorted in a wheelchair; (2) if so, the state defendants are **DIRECTED** to provide the names and titles of those individuals, along with a description of where the individuals are located in relation to the wheelchair; (3) within the same period, the state defendants are **DIRECTED** to advise as to whether Investigator Johnson saved any other video footage in response to McGugan's informal complaint; and (4) the state defendants are **DIRECTED** to send another copy of the internal incident report to McGugan at his current address. McGugan shall have thirty (30) days from the date of entry of this order to identify the John and Jane Doe defendants. If McGugan wishes to amend his complaint to include additional allegations against these or other defendants, he must file a motion to amend within thirty (30) days, along with a proposed amended complaint.

## II. Motion to Transfer

McGugan also has moved to transfer the case to the Eastern District of Virginia based on his subjective belief that he will be treated more fairly in that district. ECF No. 129. However, the events giving rise to McGugan's claims occurred in the Western District of Virginia, where he continues to reside. Likewise, the majority of the defendants likely reside in the Western District. Because McGugan has not offered any persuasive basis for transferring the case to the Eastern District, the motion to transfer, ECF No. 129, is **DENIED**.

The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: December 5, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.12.05 17:42:07 -05'00'

Michael F. Urbanski
Chief United States District Judge